IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>vs.<br><br>TERRELL C. BASS,<br><br>      Defendant. | 8:22-CR-59<br><br>**ORDER ON UNITED STATES' MOTION FOR PRELIMINARY ORDER OF FORFEITURE** |

  On September 11, 2023, this Court issued an Order holding the Magistrate Judge's Findings and Recommendation as to Defendant's guilty plea in abeyance. Filing 103 at 1. In that Order, the Court explained that "[b]ecause the defendant was not informed of the correct maximum fine [at his change of plea hearing], it is the Court's intent to further inquire into this matter at the sentencing hearing set for November 2, 2023. Filing 103 at 2. The Court directed that this case was to provisionally proceed to sentencing, but that the Court would "decide whether Defendant's plea of guilty should be accepted" at that time. *See* Filing 103 at 2. Therefore, although the Defendant has entered a plea of guilty to Counts I and III of the Superseding Indictment, this Court has not yet accepted that plea.

  On October 10, 2023, the Government filed a Motion for Preliminary Order of Forfeiture. Filing 108. In its Motion, the Government acknowledges that the Defendant entered a plea of guilty at his change of plea hearing but does not address the fact this plea has yet to be accepted. *See generally* Filing 108. The fact that Defendant's guilty pleas have not been accepted precludes the Court from entering a preliminary order of forfeiture at this time. *See* Fed. R. Crim. P. 32.2(b)(1)(A) ("As soon as practical *after* a verdict or finding of guilty or *after* a plea of guilty or nolo contendere is accepted, on any count in an indictment or information regarding which

1

criminal forfeiture is sought, the court must determine what property is subject to forfeiture under the applicable statute") (emphasis added). The Federal Rules of Criminal Procedure further provide that, "[u]nless doing so is impractical, the court must enter the preliminary order sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final as to the defendant under Rule 32.2(b)(4)." Fed. R. Crim. P. 32.2(b)(2)(B). Because the Court previously ordered that it would decide whether to accept the Defendant's guilty plea at the sentencing hearing, this presents a situation in which it is "impractical" to enter a preliminary order of forfeiture prior to the sentencing hearing. Accordingly, the Court will address the preliminary order of forfeiture at the sentencing hearing if it decides to accept defendant's guilty pleas. In order to allow the parties sufficient time to suggest revisions or modifications, the Court wishes to note to the parties that if the Court does accept the Defendant's guilty pleas, the Court currently is inclined to enter a preliminary order of forfeiture in accordance with the Motion for Preliminary Order of Forfeiture the United States filed on October 10, 2023.

IT IS ORDERED: The United States' Motion for Preliminary Order of Forfeiture is held in abeyance until the Court determines whether to accept Defendant's guilty pleas.

Dated this 13th day of October 2023.

BY THE COURT:

Brian C. Buescher
United States District Judge